HERNÁNDEZ v. GARCÍA.

APPEAL from the District Court of Humacao.

No. 72.—Decided March 31, 1906.

APPEAL—EVIDENCE—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—So that the Supreme Court may be able to consider the evidence introduced at the trial, it is necessary that it be set forth on appeal either in a bill of exceptions or statement of facts.

INDEMNITY IN CASE OF EVICTION.—In complaints for indemnity in cases of conviction, it should be shown that the vendee had been adjudged by a final judgment, rendered by a competent court, to lose the thing acquired, and that the vendor has been notified in the manner set forth in sections 1384 and 1385 of the Civil Code, and if it is wanting in any of these essentials, the complaint lacks the facts necessary to constitute a cause of action.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for appellant.

*Mr. Vías Ochoteco* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

In the District Court of Humacao the plaintiff, José N. Hernández Rios, brought a suit to recover the sum of $1,350, in an action of warranty in case of eviction, alleging that amount as the value of lands from which he had been evicted. The judgment of the court below is as follows:

"The court in deciding this case will take into consideration the evidence presented, and the allegations made by the counsel for both parties.

"It appears from the evidence that the plaintiff, José N. Hernández Rios, sometime since contracted to buy, with the consent of the owner, certain tracts of land belonging to José Rafael Anglada, situated in the ward of Aguacate, in the municipality of Yabucoa. The owner of the said lands, Anglada, who was willing to sell them to Hernández, found it necessary to absent himself from the Island, and to set out for Spain, where he became ill and died. On account of the death of Anglada the agreement between him and the plaintiff was not executed in accordance with the provisions of the law. Now, then, article 1221 of the Civil Code says: 'A contract exists from the moment one or more persons consents to bind himself or themselves, with regard to another or others, to give something or to render some service'. But article 1245 of the same Code says: 'Contracts shall be binding, whatever may be the form under which they have been executed, provided the essential conditions required for their validity exist.' And article 1426 of the same law says: 'Should the law require the execution of an instrument or other special formality in order to make the obligations of a contract binding, the contracting parties may compel each other to comply with said formalities from the moment in 'which consent and the other requirements, necessary for their validity, have taken place.'

"So that when two or more persons agree upon the purchase and sale of a thing, and it appears that they have come to an angreement, the contract is then in existence. When it appears that a person has bound himself to give a thing to another, the compliance with such obligation may be required by law.

"But this matter is in regard to the purchase and sale of a real estate, and this kind of a sale cannot be made verbally. Article 1247

says: 'The following must appear in a public instrument: 1. Acts and contracts the object of which is the creation, modification or extinction of property rights on real property.'

"Now then, the section last cited treats of contracts. A contract to sell property rights on real estate must be made in writing, and when it appears that the parties have agreed on the purchase and sale of real property, then the purchaser may require the compliance with the contract in the manner set out by the law. The purchaser can require the vendor to make the public instrument, when the contract exists in writing.

"So that the court finds from the evidence presented here, that José Rafael Anglada and the plaintiff Hernández although they had agreed to make a purchase and sale of those lands, they did not complete the transaction inasmuch as they did not execute the contract in the manner prescribed by the law, and therefore the plaintiff has no right whatever which he could force Anglada, or his wife as his legal heir, to respect. Moreover those lands were sold by the widow of Anglada, as appears also with the consent of the defendant. They were adjudicated by the court to a third party without the intervention of the plaintiff in his suit, Hernández.

"In regard to the identification of the land, the court has under consideration here, apparently, two separate parcels of land. It does not find that the lands are the same, although they may be the same. It does not appear that the lands described in the complaint are the same ones which were adjudicated to Mullenhoff & Korber. They may very well be different, because the boundaries are almost different. Therefore, the court considering that the plaintiff Hernández has no right on the said lands, inasmuch as he never completed the contract of purchase and sale, declares that the suit is not well founded, and taxes the costs against the plaintiff.

"Given under my signature in Humacao, on the 6th day of the month of June, 1905.—Signed: J. A. Erwin, judge of the district court."

The attorney for the appellant in his brief maintains that the question presented for review is principally one of fact, as to whether the lands sold to Müllenhoff & Körber were the same that the plaintiff held by virtue of his alleged agreement with the husband of the defendant.

As we have seen the court, in its opinion, bases its decision largely on the question of identification. There is no bill

of exceptions in the case, and we are therefore limited to a review of such things as are shown by the complaint, answer and the·judgment itself. We cannot reverse the case under this state of facts, because we have no way of measuring the proof submitted to the court.

The complaint does not moreover state a cause of action. The idea of the law in cases of breach of warranty in the case of eviction is that a person to whom there has been a sale should be evicted by reason of a final judgment of a competent court against him, of which there is no allegation in said complaint (sec. 1383, Civil Code). Nor does it appear that appellant complied with sections 1384 and 1385 of that Code with respect to notice.

In the case at bar there was nothing but an agreement between the deceased husband of the defendant and the plaintiff, which was never carried into effect, according to the provisions of law. Because of the absence of a bill of exceptions or statement of facts as well as the failure of the plaintiff to state a cause of action, the judgment of the District Court of Humacao must be affirmed.

*Affirmed.*

Chief Justice Quiñones, and Justice Hernández, Figueras, and MacLeary concurred.